1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MYKAL S. RYAN, | CASE NO. 10 CV 1326 MMA (WMC) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| vs. | |
| LEE M. QUICK; LEE M. QUICK, P.C., | [Doc. No. 10] |
| Defendants. | |

On May 9, 2011, Plaintiff Mykal Ryan filed an "Objection to Decision and Motion to Continue Prosecution of Case." [Doc. No. 10.] Therein, Plaintiff challenges the Court's dismissal of this matter on December 7, 2010. [Doc. No. 8.] The Court construes Plaintiff's objection as a motion for reconsideration of the Court's entry of judgment. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

On June 23, 2010, Plaintiff filed a complaint alleging thirty causes of action against Defendants, including fourteen claims for perjury, thirteen claims for conspiracy to commit perjury, and claims for defamation, malice, and intentional infliction of emotional distress; a summons was issued the same day. [Doc. Nos. 1, 2.] Plaintiff's claims arise out of events related to his appointment as trustee of his deceased brother's estate, subsequent efforts to remove Plaintiff from that position due to disagreement with his management of the trust assets, and allegedly false accusations that Plaintiff misappropriated over one million dollars from the trust.

All of the events complained of occurred in the state of Virginia, and Defendants reside in Virginia. However, Plaintiff, a California resident, deliberately filed this action in the Southern District of California claiming that, this "is the proper venue for fairness to [Plaintiff] to allow due process and in the interest of justice. Any other venue would deny [him] the opportunity to prosecute the case and to fully participate in the trial and hearings." [Doc. No. 1.] Plaintiff asserts he suffers from Post Traumatic Stress Disorder ("PTSD") which prohibits him from traveling outside of California.

Nearly five months after Plaintiff filed his complaint, Plaintiff had not served either named Defendant. On November 4, 2010, the Court set a hearing for December 6, 2010 for Plaintiff to show cause why he had not served Defendants within the time permitted by Federal Rule of Civil Procedure 4(m). [Doc. No. 3.] On December 1, 2010, Defendants specially appeared to notify the Court that Plaintiff had unsuccessfully attempted service on October 27, 2010, and to assert that Plaintiff's choice of venue in California was improper. [Doc. No. 5.] Plaintiff filed nothing in response to the notice of hearing, and he did not appear at the hearing on December 6, 2010. Accordingly, on December 7, 2010, the Court entered judgment and dismissed the action without prejudice for failure to serve Defendants in accordance with Rule 4(m), and for improper venue. [Doc. No. 8.]

More than five months after the Court dismissed Defendants without prejudice and terminated the case, Plaintiff filed the pending motion challenging the Court's entry of judgment.

**LEGAL STANDARD**

Rule 60(b)[1] of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. A Cand S*

---

[1] A motion to alter or amend a judgment must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e). Here, the Court's order was entered on December 7, 2010, and the present motion was filed on May 9, 2011, well beyond the twenty-eight day period. As such, the motion to reconsider is untimely under Rule 59(e) and should be considered under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Contr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

*Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff does not reference Rule 60(b) in his moving papers, and does not argue that reconsideration should be based on subparagraphs (1) through (5). Therefore the Court *sua sponte* considers the motion pursuant to Rule 60(b)(6).

Under subparagraph (6), Plaintiff must show that there are extraordinary grounds justifying relief; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *Twentieth Century -- Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Further, Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

## DISCUSSION

Plaintiff asserts he has been unable to prosecute his action against Defendants because he "was diagnosed . . . with Post Traumatic Stress Disorder (PTSD) in August 2005 after serving two (2) consecutive tours of duty in Iraq as an Army soldier and the second tour was voluntary." [Doc. No.10, ¶¶3, 10, 24.] Plaintiff therefore requests that he be permitted to "continue the prosecution of this case as a reasonable accommodation for [his] PTSD disability." [*Id.* at ¶25.] Plaintiff does not, however, demonstrate any legally cognizable ground for relief from the judgment entered in this case. Plaintiff asserts he has been completely disabled by his PTSD since 2005, and offers no indication his ability to prosecute this matter has improved since he filed the complaint in June 2010. [*Id.* at ¶19.] Nor does Plaintiff acknowledge either ground on which the Court entered the judgment.

**(A)  Failure to Serve**

The Court dismissed Plaintiff's complaint without prejudice on December 7, 2010, on two grounds. First, Plaintiff did not serve Defendants within the time permitted under Rule 4(m). Rule 4(m) provides:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1  Plaintiff filed his complaint and a summons was issued on June 23, 2010.  Plaintiff's time to serve
2  Defendants under Rule 4(m) expired on October 22, 2010.  According to Defendants, Plaintiff
3  attempted to serve them on October 27, 2010, but service was ineffective and otherwise untimely.
4  [Doc. No. 5.]
5        In response to Plaintiff's failure to serve Defendants or take any action to prosecute his
6  case, the Court set a hearing for December 6, 2010 for Plaintiff to show cause why he had not
7  served Defendants within the time permitted by Rule 4(m).  [Doc. No. 3.]  Plaintiff filed nothing in
8  response to the notice of hearing, and he did not appear at the hearing on December 6.
9  Accordingly, the Court entered a judgment on December 7, 2010 dismissing Defendants without
10 prejudice.  [Doc. No. 8.]
11       Plaintiff's current motion does not demonstrate reconsideration of the December 2010
12 judgment is warranted.  Plaintiff still does not indicate why he was unable to serve Defendants
13 within the time permitted by Rule 4(m) in 2010, nor does he assert he is now capable of effecting
14 service.  Rather, Plaintiff repeatedly asserts he is completely disabled by his PTSD, and asks the
15 Court to accommodate his disability by allowing him to proceed with his action.  Although the
16 Court is sympathetic to Plaintiff's condition, the fact that Plaintiff suffers from a disability, alone,
17 does not demonstrate good cause to allow Plaintiff to maintain his action indefinitely without any
18 meaningful progression.  Plaintiff therefore has not shown relief from the Court's judgment in this
19 action is appropriate.
20 **(B)   Improper Venue**
21       Second, the Court dismissed Plaintiff's action on the ground that the Southern District of
22 California is not an appropriate venue.  Plaintiff is a resident of California, however, all of the acts
23 alleged in the complaint occurred in Virginia, and Defendants are residents of Virginia.  Further,
24 Plaintiff filed this action in California solely because his PTSD symptoms prevent him from
25 traveling.  According to Plaintiff, "[v]enue of this action is placed in this Court in the interest of
26 justice and fairness and to allow Mr. Ryan a reasonable accommodation for his PTSD disability."
27 [Doc. No. 1, ¶17.]  "Any other venue would deny Mr. Ryan's participation in the trial and
28 hearings."  [*Id*. at ¶16.]  Plaintiff's pending motion for reconsideration simply reiterates his belief

that the "legal, logical and reasonable place of venue is San Diego" to accommodate his PTSD. [Doc. No.10, ¶21.]

Plaintiff provides no authority for the proposition that his disability entitles him to venue in Southern California.  In fact, "it is well-established that Plaintiff may have his day in court without ever setting foot in a courtroom."  *Ryan v. Hyden*, 2010 U.S. Dist. LEXIS 110431 *6-7 (S.D. Cal.) (citing *Effron v. Sun Line Cruises, Inc*., 67 F.3d 7, 11 (2d Cir. 1995); *Utoafili v. Trident Seafoods Corp.*, 2009 U.S. Dist. LEXIS 127109, 2009 WL 6465288, at *6 (N.D. Cal. Oct. 19, 2009) ("Even if this Court were to presume a strong likelihood that Plaintiff would be unable to travel to Washington for trial herself, physical disability alone is generally not sufficient to conclude that a distant venue would effectively deprive a plaintiff of her day in court."); *Hale v. Vacaville Housing Auth.*, 2009 U.S. Dist. LEXIS 14350, 2009 WL 311399, at *1 (N.D. Cal. Feb. 9, 2009) ("[A]lthough Hale states she has a 'disability' and problems understanding the English language, such circumstances do not provide a basis for venue in the Northern District.")).  Accordingly, based on the record before the Court, Plaintiff is not entitled to relief from the judgment dismissing Defendants for improper venue.

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for reconsideration. Plaintiff is advised this case remains closed, and no further filings will be accepted.

**IT IS SO ORDERED.**

DATED:  May 12, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge